MEMORANDUM OPINION




Nos. 04-03-00093-CR & 04-03-00094-CR



Eugene HAHN,


Appellant



v.



The STATE of Texas,


Appellee



From the 81st Judicial District Court, LaSalle County, Texas


Trial Court Nos. 01-01-00006-CRL & 01-01-00007-CRL


Honorable Olin B. Strauss, Judge Presiding



PER CURIAM


Sitting: Karen Angelini, Justice

 Sandee Bryan Marion, Justice

 Phylis J. Speedlin, Justice


Delivered and Filed: May 21, 2003


DISMISSED FOR LACK OF JURISDICTION

 We are without jurisdiction to entertain this appeal. In both trial court cause numbers 01-01-00006-CRL and 01-01-00007-CRL, the trial court imposed sentence on December 12, 2001.
Because Appellant Eugene Hahn did not file a motion for new trial, his notice of appeal in both cases
was due to be filed no later than January 11, 2002. Tex. R. App. P. 26.2. In both cases, the notice
of appeal was not filed until January 30, 2002, and no motion for extension of time was filed. Tex.
R. App. P. 26.3.

 "[A] late notice of appeal may be considered timely so as to invoke a court of appeals'
jurisdiction if (1) it is filed within fifteen days of the last day allowed for filing, (2) a motion for
extension of time is filed in the court of appeals within fifteen days of the last day allowed for filing
the notice of appeal, and (3) the court of appeals grants the motion for extension of time." Olivo v.
State, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Hahn's notice of appeal was not filed within
fifteen days of the last day allowed for filing, and he did not file a motion for extension of time.

 Accordingly, on April 14, 2003, we ordered Hahn to show cause why this appeal should not
be dismissed for lack of jurisdiction. Hahn responded that the trial court did not sign its judgment
until January 11, 2002 and that under Texas Rule of Appellate Procedure 26.2(a)(1), the date on
which the judgment was signed begins the appellate timetable. Rule 26.2(a)(1) states that the notice
of appeal must be filed within thirty days after the day sentence is imposed or suspended in open
court, or after the day the trial court enters an appealable order. Tex. R. App. P. 26.2(a)(1). In
Rodarte v. State, 860 S.W.2d 108, 109 (Tex. Crim. App. 1993), a defendant presented the same
argument that Hahn now presents. The court of criminal appeals rejected the defendant's argument
that the appellate timetable runs from the date on which the judgment is signed:

 That [former rule] 41(b)(1) provides for notice of appeal within thirty days of
imposition or suspension in open court "or" the signing of an appealable order does
not mean that either event will trigger the running of the thirty days in any case in
which a party has occasion to appeal. The "or" in [former rule] 41(b)(1) is not
inclusive; rather it is context dependent. That is to say, deciding which of the two
starting points for calculating timeliness of the notice of appeal applies depends upon
what is being appealed. In the "ordinary" appellate context, where the defendant
appeals a judgment of conviction, the thirty days begin to run on the day sentence is
imposed or suspended in open court--unless an appellant files a motion for new trial,
in which case he is provided ninety days from the day sentence is imposed or
suspended in open court to file his notice of appeal. In other appealable criminal
cases--appeal by the State under Article 44.01 [of the Texas Code of Criminal
Procedure] and appeal from an adverse order after issuance of a writ of habeas corpus
other than a post-conviction application for habeas corpus brought under Article
11.07 [of the Texas Code of Criminal Procedure]--the timetable for notice of appeal
begins on the day of the signing of the appealable order, e.g., the order dismissing the
indictment, granting a new trial, suppressing evidence, or denying habeas corpus
relief. 


Id. (citations omitted) (emphasis in original). Applying Rodarte's holding, Hahn's notice of appeal
was filed untimely and as such, we are without jurisdiction to hear this appeal. In seeking an out-of-time appeal, Hahn must present his arguments to the Texas Court of Criminal Appeals. Ater v. Eighth
Court of Appeals, 802 S.W.2d 241 (Tex. Crim. App.1991) (out-of-time appeal from final felony
conviction may be sought by filing a writ of habeas corpus pursuant to article 11.07 of the Texas
Code of Criminal Procedure). This court is without jurisdiction to grant such relief. Accordingly,
these appeals are dismissed for lack of jurisdiction.


 PER CURIAM

Do not publish